RECEIVED

JAN 23 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHILIP YORK, )
 )  13cv535
   Plaintiff, )
 )  Judge Harry D. Leinenweber
vs. )  Magistrate Maria Valdez
 )
FIRST NATIONAL COLLECTION BUREAU )
INC )
   Defendant. )

## COMPLAINT

### I. Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, as amended

### II. Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337.

### III Venue

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### IV. Parties

4. Plaintiff, Philip York, is an adult individual and citizen of the city of Chicago, State of Illinois.

5. Defendant, FIRST NATIONAL COLLECTION BUREAU INC , is a business entity that regularly conducts business in the State of Illinois, with a registered agent LEXIS DOCUMENT SERVICES INC whose place of business is located at 801 ADLAI STEVENSON DR SPRINGFIELD IL 62703

## V. FACTUAL ALLEGATIONS

6. Plaintiff pulled his consumer credit reports from the three major credit reporting agencies EXPERIAN, TRANS UNION and EQUIFAX where he found entries by entities that he was unfamiliar with in the reports.

7. Plaintiff determined that his consumer credit report had been obtained on various occasions by various entities he did not recognize and without his consent.

8. Plaintiff found after examination of his EXPERIAN, TRANS UNION and EQUIFAX consumer credit reports that Defendant FIRST NATIONAL COLLECTION BUREAU INC

9. had obtained Plaintiff's TRANS UNION consumer credit report in the month of SEPTEMBER AND YEAR OF 2008.

10. Discovery of violation brought forth herein occurred in DECEMBER of 2012 and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p. and FDCPA, 15 U.S.C. 1692K(d)

**Count I**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT**

**FIRST NATIONAL COLLECTION BUREAU INC**

11. **Paragraphs 1 through 10 are realleged as though fully set forth herein.**

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

13 Defendant, FIRST NATIONAL COLLECTION BUREAU INC INC, is a Corporation that acts as a debt collector, as defined by § 1692a of the FDCPA

14. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

15. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

16. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

17 . Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

18. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant FIRST NATIONAL COLLECTION BUREAU INC.

19. At no time did Plaintiff give his consent for Defendant FIRST NATIONAL COLLECTION BUREAU INC to acquire his consumer credit report from any credit reporting agency.

20. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

(2) the term "account" means a demand deposit, savings deposit, or other asset account (other

than an occasional or incidental credit balance in an open end credit plan as defined in section 1602(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

21. The definition of "account" clearly does not include an account such as a credit card open end credit account but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull.

22. On SEPTEMBER , 2008 FIRST NATIONAL COLLECTION BUREAU INC obtained the TRANS UNION consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b. Plaintiff has no idea or indication as to what possible alleged account FIRST NATIONAL COLLECTION BUREAU INC could claim to have of his and is positive he had no account with FIRST NATIONAL COLLECTION BUREAU INC which would come under the definition of account in the FCRA in regard to permissible purpose.

23. The action of Defendant FIRST NATIONAL COLLECTION BUREAU INC obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation of FCRA, 15 U.S.C. § 1681b(f) and an egregious violation of Plaintiff's right to privacy.

**RELIEF**

Wherefore, Plaintiff demands judgment for damages against Defendant, FIRST NATIONAL COLLECTION BUREAU INC for statutory damages of $2000.00, punitive and statutory damages to be determined by this honorable court, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n(b) of the FCRA

**JURY DEMAND**

Plaintiff, Philip York, demands trial by jury.

Philip York,

By _____
Plaintiff

Dated: January 23, 2012

Philip York

2456 e 72nd st
Chicago ,IL60649
Ph (773)3195924
Pyork1969@gmail.com