# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 535 | **DATE** | 5/15/2013 |
| **CASE TITLE** | York vs. First National Collection Bureau Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed *in forma pauperis* is denied. Additionally, the Court dismisses Plaintiff's Complaint for failure to state a claim. Plaintiff has 21 days from the entry of this Order to amend his Complaint to state a cause of action and to pay the filing fee or the case will be dismissed with prejudice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff's *in forma pauperis* application. For the following reasons, the motion is denied, and his Complaint is dismissed without prejudice.

To permit Plaintiff to proceed *in forma pauperis*, the Court must find two things: (1) that Plaintiff cannot pay the costs of the case; and (2) that the case is not frivolous or brought in bad faith. 28 U.S.C. § 1915(a),(e). The Court will dismiss the case if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id.* § 1915 (e)(2)(B). The Court construes *pro se* filings liberally, including applications to proceed *in forma pauperis*. *See Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989).

Plaintiff fails to establish that he cannot pay the costs of the case. While his only reported income is $200 per month from welfare and $200 from his brother, Plaintiff also states in his affidavit that he is the owner of a condominium valued at $80,000. This places Plaintiff above the 2013 HHS federal poverty guidelines for an individual. As such, the Court denies the *in forma pauperis* motion.

Plaintiff also fails the second prong, and the Court dismisses Plaintiff's Complaint for failing to state a claim upon which relief can be granted. Plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Plaintiffs' Complaint provides little factual detail, but in it he alleges that in September 2008, Defendant First National Collection Bureau Inc. ("FNC") obtained Plaintiff's consumer credit report for no permissible purpose and without his consent in violation of the FCRA. *See* § 1681b(f). Plaintiff states that this was a violation of his right to privacy. He asks the Court to award him "statutory damages of $2000.00, punitive and statutory damages to be determined by this honorable court, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n(b) of the FCRA." Compl. at 4.

Plaintiff's Complaint does not plead that Plaintiff suffered any damages as a result of FNC's alleged accessing of his credit report, and apparently is not seeking actual damages. Instead, by invoking § 1681n(b),

**STATEMENT**

Plaintiff is seeking statutory and punitive damages for "willful" noncompliance with the FCRA. *Id.* Indeed, that section contemplates the possibility of statutory and punitive damages against "[a]ny person who willfully fails to comply" with the FCRA. *Id.* "The willfulness requirement of Section 1681n is defined to include both knowing and reckless conduct." *Kubas v. Std. Parking Corp. IL,* 594. F. Supp. 2d 1029, 1031 (N.D. Ill. 2009). Nowhere in Plaintiff's Complaint does he allege explicitly that Defendant violated the statute willfully, nor does the Complaint provide facts sufficient for the Court to infer such allegations.

Plaintiff has 21 days to file an Amended Complaint and to pay the filing fee, or the case will be dismissed with prejudice. Plaintiff may wish to consult the court's *pro se* help desk, located on the 20th floor of the Dirksen Courthouse. Appointments may be made by calling 312-435-5691.